# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>                    Plaintiff,<br>v.<br><br>VALSTEIN PFEIFLE,<br><br>                    Defendant. | Case No. 11cr2652 BTM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE UNITED STATES' MOTION IN LIMINE TO ADMIT RULE 404(b) EVIDENCE AND DEFENDANT'S MOTION IN LIMINE TO EXCLUDE RULE 404(b) EVIDENCE** |

## I. INTRODUCTION

The United States has filed a motion in limine to admit certain Rule 404(b) evidence. Defendant Valstein Pfeifle ("Defendant" or "Pfeifle") has filed a motion in limine to exclude the same Rule 404(b) evidence. For the reasons discussed below, the United States' and Defendant's motions are **GRANTED IN PART** and **DENIED IN PART**.

## II. DISCUSSION

The United States seeks to introduce evidence of prior bad conduct against Pfeifle. Specifically, the United States seeks to introduce (1) testimony of an undercover agent regarding the underlying facts of Pfeifle's 2008 conviction for possession of cocaine for sale; (2) testimony of Eric McPeters regarding how he took Pfeifle's place in a drug distribution

organization; and (3) testimony of Dean Moya, a pilot, who claims that Pfeifle arranged with people in Mexico to obtain cocaine that was then transported via Moya's airplane to different locations in the United States. The Court finds that the underlying facts of Pfeifle's 2008 conviction are admissible but excludes the other 404(b) evidence.

### 1. 2008 Conviction

#### a. Underlying Facts

The United States seeks to introduce the testimony of an undercover agent regarding the events leading up to Pfeifle's 2008 conviction for possession of cocaine for sale. According to the government, a confidential source ("CS") was approached by Jose Valenzuela in Tijuana, Mexico, and was asked whether he could obtain 400 kilograms of cocaine to sell to a business associate of Valenzuela. The CS was told to contact Pfeifle to facilitate the sale.

Subsequently, the CS met Pfeifle at Seau's restaurant in San Diego. Pfeifle told the CS that he wanted 500 kilograms of cocaine a month delivered to California. Pfeifle agreed to start by purchasing 15 kilograms of cocaine for $232,500 at their next meeting. A few days later, Pfeifle met the CS at a Staples store in San Diego. An undercover agent drove up to the CS and Pfeifle with the cocaine. Pfeifle sampled the cocaine then showed the CS a duffle bag with $232,500 in cash. Pfeifle was then arrested.

At the time of his arrest, Pfeifle was in possession of a semiautomatic handgun, eight cellular phones, handcuffs, and a knife. His vehicle had a secret non-factory compartment with a loaded Sig Sauer P226 9mm pistol. Pfeifle pled guilty to Possession for Sale of Cocaine and was sentenced to two years in custody.

//
//
//

### b. Admissibility Analysis

Under Rule 404(b), evidence of a prior bad act is not admissible to prove a person's character in order to show that on a particular occasion, the person acted in conformity therewith. However, such evidence may be admissible for other purposes, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b).

Prior act evidence is admissible if: "(1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged." United States v. Verduzco, 373 F.3d 1022, 1027 (9th Cir.2004). The district court must also determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. United States v. Lozano, 623 F.3d 1055, 1060 (9th Cir. 2010).

The Ninth Circuit has consistently held that where the defendant is charged with possessing drugs for sale or possessing drugs with the intent to distribute, evidence of defendant's participation in other drug trafficking or drug distribution crimes is relevant to the issue of knowledge. In United States v. Arambula-Ruiz, 987 F.2d 599 (9th Cir. 1993), Arambula and four other men where charged with conspiracy to possess a controlled substance with intent to distribute and possession of a controlled substance with intent to distribute after the men met an undercover agent at a Denny's restaurant and delivered a package of heroin to him. The Ninth Circuit held that Arambula's prior conviction for possession with intent to distribute tended to show knowledge. Id. at 603. The Ninth Circuit explained that because Arambula's defense was that he was an innocent bystander "at the wrong place at the wrong time," Arambula's prior conviction was relevant to establish knowledge of the purpose of the conspiracy. Id.

Similarly, in United States v. Vo, 413 F.3d 1010 (9th Cir. 2005), Vo and his wife were charged with conspiring to possess more than fifty grams of methamphetamine with intent to distribute and aiding and abetting possession of methamphetamine with intent to

distribute. The Ninth Circuit held that evidence of Vo's prior conviction for selling cocaine was relevant to the issue of knowledge. "Vo's prior conviction was evidence of his knowledge of drug trafficking and distribution in general. The conviction tended to show that Vo was familiar with distribution of illegal drugs and that his actions in this case were not an accident or a mistake." Id. at 1019. See also United States v. Lozano, 623 F.3d 1055 (9th Cir. 2010) (holding that evidence of Lozano's prior drug distribution was material to issues of knowledge and intent with respect to drug distribution); United States v. Ramirez-Robles, 386 F.3d 1234, 1242 (2004) ("The prior sales conviction shows that Ramirez-Robles had specialized knowledge regarding methamphetamine transactions. We have approved the use of this kind of specialized knowledge to show that the defendant would likely recognize the drug deal, and therefore, having recognized it, must have been part of it.")

Here, evidence regarding Pfeifle's prior involvement in possession of cocaine for sale is material to the issue of knowledge in this case. The evidence tends to show that Pfeifle had familiarity with drug distribution transactions and would have known that a drug deal was occurring at the Denny's in this case. This evidence would tend to disprove any contention by Pfeifle that he was an innocent bystander and had no idea what was going on that day at Denny's.

The prior acts are not too remote in time. The possession for sale conviction was in 2008. This is not too remote. See Ramirez-Robles, 386 F.3d at 1243 (prior convictions that were three and four years old were not too remote); Vo, 413 F.3d at 1018 (thirteen year old convictions were not so remote as to preclude admissibility).

The evidence is sufficient to support a finding that Pfeifle committed the other acts. Pfeifle pled guilty to the charge and was convicted.

The prior acts were similar in that they involved the possession of illegal drugs for sale. The fact that the drugs were different (cocaine as opposed to methamphetamine) does not matter. See Vo, 413 F.3d at 1018 ("[W]e look to the type of activity undertaken, rather than the precise identity of the drugs, as the relevant factor.") When offered to prove knowledge, "the prior act need not be similar to the charged act as long as the prior act was

one which would tend to make the existence of the defendant's knowledge more probable than it would be without the evidence." Id. (quoting United States v. Ramirez-Jiminez, 967 F.2d 1321, 1326 (9th Cir. 1992)).

Finally, with the exception of evidence regarding the handcuffs and weapons found on Pfeifle's person and in his vehicle upon arrest, the probative value of the evidence concerning Pfeifle's prior conviction outweighs its prejudicial value. The evidence is highly probative of Pfeifle's knowledge and intent, and the prejudice can be lessened by a properly tailored limiting instruction.

The evidence regarding the handcuffs and weapons found on Pfeifle and in his vehicle has limited relevance to the issue of knowledge, and its probative value is substantially outweighed by the danger of unfair prejudice. Therefore, the evidence regarding the handcuffs and weapons is excluded from the government's case-in-chief, and the government must seek permission of the Court before seeking to use it in cross-examination or rebuttal.

### 2. McPeters' Testimony

Based on the evidence before the Court, McPeters believed that he was taking Pfeifle's place in a drug distribution operation and another individual in the operation may have indicated as much. However, it does not appear that Pfeifle himself asked McPeters to take his place or talked to McPeters about what he did in the operation. Therefore, it is questionable how much first-hand knowledge McPeters has about Pfeifle's alleged role in the operation. Therefore, the Court excludes this evidence from the government's case-in-chief. The government must seek permission of the Court before seeking to use it in cross-examination or rebuttal.

### 3. Testimony of Dean Moya

Moya's testimony would allegedly establish that Pfeifle was involved in a drug distribution operation that would transport cocaine from Hemet to other parts of the United

States via airplane. However, this evidence is older than the 2008 case. Furthermore, to the extent the evidence pertains to the issue of knowledge in this case, the evidence is cumulative. Therefore, the Court excludes this evidence from the government's case-in-chief. The government must seek permission of the Court before seeking to use it in cross-examination or rebuttal.

### III. CONCLUSION

For the reasons discussed above, the United States' motion in limine to admit Rule 404(b) evidence and Pfeifle's motion in limine to exclude Rule 404(b) evidence are **GRANTED IN PART** and **DENIED IN PART**. The Court will admit prior act evidence regarding the underlying facts of Pfeifle's 2008 conviction. However, the Court excludes evidence regarding the handcuffs and weapons found on Pfeifle and in his vehicle at the time of his arrest. The Court also excludes the testimony of McPeters and Moya from the government's case-in-chief without prejudice. Since this order is a pretrial ruling, either party may seek reconsideration based on statements made, examination of witnesses, or any other event occurring during trial.

**IT IS SO ORDERED.**

DATED: November 26, 2012

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court